# K. KAUFMANN & CO., Inc., v. LEITMAN.

District Court, S. D. New York.

Dec. 16, 1941.

John P. Chandler, of New York City, for plaintiff.

Harry Cohen, of New York City, for defendant.

GALSTON, District Judge.

This is a patent infringement suit relating to patent No. 2,002,638, issued May 28, 1935, on a traveling bag.

The article of luggage described is primarily designed for the purpose of carrying garments in such a way as to avoid wrinkling them. When the bag is opened out to a flat position, the specification states that a man's suit may be mount-

ed upon the hanger device, which in turn is mounted upon a post. It is stated that when so packed the suit will extend in smooth, supported position. After the garment or garments are disposed in the bag as described, a detachable folding means consisting of a rod is secured over the garments. The means for detachably supporting the rod consist of yieldable perforated bracket tongues, which are secured adjacent to the ends of the top section of the bag. The free end portions of the bracket tongues are outwardly flared and are provided with descending guide grooves or channels leading to the perforations of the bracket tongues. From the ends of the folding bar coupling studs project. To mount the folding bar in operative position it is aligned between the bracket tongues with the coupling studs engaged in the guide grooves, and by pressing inwardly upon the folding bar the studs will be carried into position opposite perforations of the braket tongues so that the latter will snap over the studs, thus locking the bar in place. It is stated that when the bag is closed the folding bar will be disposed adjacent to the top end of the bag and will permit the folds of the garments to hang smoothly.

The defendant's bag is somewhat different in structure. In this bag there is a support for the garment hangers and between the sides of the bag there are permanently secured two leather straps which engage the clothing carried by the hangers and which are buckled together for holding the clothing in position. The bag is also provided with a flat metal rod having slots through which the straps pass, and this rod is permanently attached at one end to one of the leather straps. Neither the straps nor the rod is removably or detachably connected to the bag, as is the folding bar of the patented device. Moreover, in the defendant's bag, neither the straps nor the rod supports an inner bag or auxiliary receptacle.

The plaintiff urges that the straps and rod of the defendant's bag function in exactly the same way as the folding bar of the patent, and that they press the garments against the inner surface of the intermediate section of the bag. Nevertheless the means employed by the defendant are found in the prior art. British patent No. 327,957 to Feldman discloses straps secured to the intermediate part of a bag; and British patent No. 265,475 to Schwarzenberger discloses both the straps and flat rod to serve the same function as that secured by the straps and rod of the defendant's device. The Schwarzenberger specification reads:

"Belts 7 and 8 are secured to the inner sides of the end walls of the case and these belts are passed through transverse slots 10, formed for their reception in the ends of a supporting rail or bar 9, the respective belts 7 and 8 being joined by means of a buckle, as will be readily understood."

And by referring to the claims of the patent which are alleged to be infringed it will be seen that in claim 1 there is specified as an essential element thereof "a detachable folding means"; in claim 6 the specification of that element is defined as "a demountable garment folding bar"; in claim 9 the language employed is "a garment folding and supporting means movably" related to the main body of the bag; and in claim 10 the provision is for "a garment folding means, means to detachably support said folding means". This fundamental element of detachability is not found in defendant's device. Moreover, claims 1 and 6 both contain the element "means affixed to said top section to receive and support said folding means." These means are not found in the defendant's device.

 Nor in view of the limited scope of the plaintiff's invention is he entitled to broad equivalents.

The plaintiff claims as basic and essential novelty the provision of two cooperating surfaces between which the transverse middle portion of the clothes is adapted to be compressed. Certainly a device for compressing clothes between two cooperating surfaces was well known prior to the plaintiff's invention. It is shown in the British patent to Schwarzenberger.

It is true that the specific combination of the four claims in suit is not revealed in any one of the prior art patents relied on, but enough is shown to reduce the invention to the specific article described. For example in Butterick, No. 1,730,058, for a wardrobe suit-case, a bar is mounted within the apertures of a bracket so as to lie immediately above the uppermost garment, and the specification reads: "The garments are thus supported at the top, bottom and central portion. The patent to Krueger, No. 1,823,403, for a traveling bag, discloses a garment hanger in the bag

suspended from a proper support. The clothes or other garment may thus be conveniently suspended within the unfolded bag. A removable compartment fits within both sections of the bag and it is stated that after the garment or garments have been placed in the unfolded bag, the compartment is readily placed in either section. The bag is then folded so that the garment is folded around the compartment. The Krueger patent, however, does not disclose the adjustable bar and the apertures in the brackets which are revealed in Butterick. The combination of the two would disclose everything that the plaintiff claims.

Patent No. 1,975,294 to Sand et al. for hand luggage is of no particular importance except that the garment is carried by a hanger which is folded about a bar which is removable. The hand bag also shows the usual customary handle. The bar, though removable, is not, however, adjustable, but to make it so would require but a modicum of invention.

If the claims of the patent are to be held valid it is seen that they must be given such narrow construction as to defeat the claim of infringement.

The complaint will be dismissed. Submit findings of fact in conformity with the foregoing opinion.